IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND (Baltimore Division)

In re: JENNIFER L. MAROCLO     *     Case No. 25-21344

Chapter 7 Debtor.

JENNIFER L. MAROCLO,

Plaintiff,

v.

Adv. Proc. No. _____

UNITED DEBT SETTLEMENT LLC

a/k/a UNITED SETTLEMENT

240 West 37th Street, Suite 400

New York, NY 10018

Defendant.

COMPLAINT FOR DISGORGEMENT, DAMAGES, AND DECLARATORY RELIEF

JURISDICTION AND VENUE

1. This adversary proceeding arises under Title 11 of the United States Code and related state law causes of action.
2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.
3. This proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).
4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.
5. Plaintiff has standing to assert these claims pursuant to 11 U.S.C. §§ 105 and 526–528.

PARTIES

6. Plaintiff Jennifer L. Maroclo is an individual residing in Maryland and the debtor in Case No. 25-21344 pending in this Court.

7. Defendant United Debt Settlement LLC, also known as United Settlement, is a debt settlement company with a principal place of business at 240 West 37th Street, Suite 400, New York, NY 10018.

## FACTUAL ALLEGATIONS

8. Prior to filing bankruptcy, Plaintiff was induced to enroll in Defendant's purported "debt settlement," "debt relief," and related financial services program through deceptive and misleading marketing and sales practices prominently featured on Defendant's website and marketing materials, excerpts of which are attached hereto as **Exhibit A**.

9. Defendant expressly represented that it would negotiate with Plaintiff's creditors, substantially reduce her debts, provide a clear path to "financial freedom," and guide Plaintiff toward alternatives to bankruptcy. Defendant also made references to bankruptcy-related solutions, as reflected in Defendant's marketing materials and website, attached as **Exhibit A**. Defendant failed to provide required disclosures when one markets bankruptcy services.

10. Defendant advertised that its "licensed debt specialists" would provide expert guidance, customized solutions, and high success rates, without disclosing material risks, limitations, or Defendant's lack of authority to provide legal advice or bankruptcy services in the State of Maryland.

11. Defendant is not a Maryland law firm, employs no Maryland-licensed attorneys, and is not authorized to provide bankruptcy legal services in Maryland, yet nonetheless marketed itself as an alternative to or substitute for bankruptcy relief.

12. Defendant instructed Plaintiff to cease making payments to her creditors and instead make monthly deposits into Defendant's program for Defendant's benefit.

13. Plaintiff reasonably relied on Defendant's representations and instructions.

14. From approximately November 2023 forward, Plaintiff made substantial payments into Defendant's program, totaling at least $15,045.03, as reflected in Defendant's own portal and payment records, attached hereto as **Exhibit B**.

15. Defendant has failed to provide a complete or meaningful accounting of Plaintiff's funds and has failed to demonstrate that any meaningful settlements were negotiated on Plaintiff's behalf, despite repeated written demands, copies of which are attached hereto as **Exhibits C and D**.

16. A substantial portion of Plaintiff's funds were retained by Defendant as fees, rather than applied toward settlements with creditors.

17. Defendant failed to clearly and conspicuously identify itself as a "debt relief agency" and failed to provide the disclosures required by 11 U.S.C. §§ 527–528, while simultaneously holding itself out as a licensed and experienced provider of debt and bankruptcy-related solutions.

18. As a direct result of Defendant's conduct, Plaintiff's financial condition deteriorated, her accounts went into default, collection activity increased, and she was forced to seek bankruptcy protection.

19. Defendant's licensing and registration information is attached hereto as **Exhibit E**.

## COUNT I – FRAUD

19. Plaintiff incorporates paragraphs 1–19 as if fully restated herein.

20. Defendant knowingly made false and misleading representations regarding its services and ability to provide debt relief.

21. Plaintiff relied upon these misrepresentations to her detriment.

22. Plaintiff suffered damages as a result of Defendant's fraud.

## COUNT II – BREACH OF CONTRACT

23. Plaintiff incorporates paragraphs 1–22 as if fully restated herein.

24. Defendant failed to perform its contractual obligations.

25. Plaintiff was damaged as a result of Defendant's breach.

## COUNT III – UNJUST ENRICHMENT

26. Plaintiff incorporates paragraphs 1–25 as if fully restated herein.

27. Defendant received and retained payments without providing value.

28. Defendant has been unjustly enriched and must disgorge all funds received.

## COUNT IV – VIOLATION OF 11 U.S.C. § 526

29. Plaintiff incorporates paragraphs 1–28 as if fully restated herein.

30. Defendant is a "debt relief agency" within the meaning of 11 U.S.C. § 101(12A).

31. Defendant violated 11 U.S.C. § 526 by making untrue and misleading statements, advising Plaintiff to cease paying debts, and failing to comply with statutory requirements.

32. Plaintiff is entitled to damages, disgorgement, and voiding of all agreements pursuant to 11 U.S.C. § 526(c).

## COUNT V – VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT

33. Plaintiff incorporates paragraphs 1–32 as if fully restated herein.

34. Defendant engaged in unfair, abusive, and deceptive trade practices in violation of Maryland law.

35. Plaintiff suffered damages as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award compensatory damages;

B. Order disgorgement of all fees and payments collected by Defendant;

C. Award statutory damages and attorney's fees under 11 U.S.C. § 526(c);

D. Declare all agreements between Plaintiff and Defendant void and unenforceable;

E. Award costs of suit; and

F. Grant such other and further relief as the Court deems just and proper.

Dated: January 14, 2026

Respectfully submitted,

/s/ Adam M. Freiman
Adam M. Freiman (Bar No. 23047)
 The Law Offices of Adam M. Freiman, P.C.
115 McHenry Avenue, Suite B-4
Pikesville, MD 21208 Telephone:
410-486-3500
Email: adam@pikesvillelaw.com
Counsel for Plaintiff/Debtor Jennifer L. Maroclo

## DECLARATION

I hereby declare and affirm under penalty of perjury that the foregoing allegations are true and correct to the best of my knowledge, information, and belief.

/s/ Jennifer L. Maroclo
Jennifer L. Maroclo Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of January 2026, a copy of the foregoing Adversary Complaint, together with all exhibits, was served as follows:

Via First-Class Mail, Email, and Facsimile:

United Debt Settlement LLC a/k/a United Settlement 240 West 37th Street, Suite 400 New York, NY 10018 Email: gabriel@unitedsettlement.com; CS@unitedsettlement.com Fax: 866-356-1887

United Settlement 241 West 30th Street, 3rd Floor New York, NY 10001

Via First-Class Mail:

Maryland Commissioner of Financial Regulation 500 N. Calvert Street, Suite 402 Baltimore, MD 21202

Defendant United Debt Settlement LLC has no resident agent on file in the State of Maryland. Pursuant to Fed. R. Bankr. P. 7004(b)(3), service was therefore effected by first-class mail upon Defendant at its principal and known business addresses

Via ECF:

Monique Almy, Chapter 7 Trustee United States Trustee

/s/ Adam M. Freiman
Adam M. Freiman